# Exhibit 1

| | |
|---|---|
| **Morgan & Morgan Philadelphia, PLLC**<br>1800 JFK Blvd.<br>Suite 1401<br>Philadelphia, PA 19103<br>(215) 446-9795<br>(215) 446-9799 (FAX)<br>www.forthepeople.com | **Kevin Clancy Boylan**<br>ID# 314117<br>cboylan@forthepeople.com<br><br>**Hannah Molitoris**<br>ID# 322436<br>hmolitoris@forthepeople.com |

| | |
|---|---|
| **BARBARA SNIDER, Individually and as the Administratrix for the ESTATE OF EDWARD SNIDER**<br>200 Quail Run Road<br>Browns Mills, NJ 08015<br><br>Plaintiff<br>v.<br><br>**AMERICAN FOREST PRODUCTS, LLC**<br>1620 Webster Ave.<br>Bronx, NY 10437<br>And<br>**TULNOY LUMBER**<br>6 Corn Road<br>Dayton, NJ 08810<br>And<br>**JOHN DOE 1-5 and**<br>**JOHN DOE ENTITIES (6-10),**<br><br>Defendants | **IN THE SUPERIOR COURT OF CAMDEN COUNTY**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED**<br><br>NO. 2020 – |

## COMPLAINT

AND NOW COMES the Plaintiff, Barbara Snider, individually and as the administratrix for the Estate of Edward Snider, by and through her counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Barbara Snider (hereinafter "Mrs. Snider") is an adult individual who resides at 200 Quail Run Road, Browns Mills, NJ 08015 and is the administratrix of the Estate of Edward Snider (hereinafter "Deceased Plaintiff").

2. The Defendant, American Forest Products, LLC (hereinafter "AFP") is a business entity with its corporate headquarters at 1620 Webster Ave., Bronx NY 10437.

3. At all relevant times hereto, AFP is registered to do business in New Jersey thereby consenting to the exercise of personal jurisdiction.

4. At all relevant times hereto, AFP maintains an office in New Jersey and conducted and continues to conduct actual business in Camden County.

5. The Defendant, Tulnoy Lumber (hereinafter "Tulnoy") is a business entity with its principal place of business at 6 Corn Road, Dayton NJ 08810.

6. At all relevant times hereto, Tulnoy is registered to do business in New Jersey thereby consenting to the exercise of personal jurisdiction.

7. At all relevant times hereto, Tulnoy maintains offices in New Jersey and conducted and continues to conduct actual business in Camden County.

## FACTUAL BACKGROUND

8. On August 31, 2020 at approximately 9:10 p.m., the Plaintiff was operating on a tractor trailer on Corn Rd. in South Brunswick Township.

9. For some unknown reason, the Plaintiff's vehicle drifted into the opposite lane of travel and struck a parked flatbed trailer owned by the Defendants.

10. An unknown worker for the Defendants left the flatbed trailer parked on Corn Road right outside the Tulnoy complex which includes designated spaces for parking.

2

11. At all material times hereto, the flatbed trailer was extremely rusty and lacked any conspicuity tape, thus rendering it essentially invisible at night.

12. At all material times hereto, the flatbed trailer weighed in excess of 10,000 lbs.

13. Upon information and belief, it was the intent of the unknown employee of the Defendants to leave the flatbed trailer parked on Corn Road overnight.

14. In addition to just leaving the flatbed trailer on the road, the unknown worker for the Defendants left it jacked all the way up.

15. When the Plaintiff struck the flatbed trailer, the hitch penetrated his windshield and pinned the Plaintiff.

16. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants, Plaintiff decedent, Edward Snider died.

17. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants, Plaintiff decedent suffered great physical pain and suffering, trauma, mental anguish, embarrassment and humiliation.

18. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants, Plaintiff Decedent's daily activities, occupation and usual life's pleasures were terminated.

19. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants, Plaintiff decedent's earnings, earning capacity and employment opportunities were terminated.

20. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants, the Estate of Edward Snider incurred liability for emergency medical services, funeral and household expenses.

3

21. At all relevant times hereto, the Plaintiff decedent acted in a safe, prudent and reasonable manner and in no way contributed to his injuries, damages or death.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## BARBAR SNIDER, AMINISTRATRIX OF THE ESTATE OF EDWARD SNIDER v. AMERICAN FOREST PRODUCTS, LLC and TULNOY LUMBER

22. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

23. The negligence, carelessness and/or recklessness of Defendants AFP and Tulnoy, and on behalf of any of their agents, servants, workers and/or employees, consisted of, but is not limited to the following:

   a. Parking a flatbed trailer with a weight of over 10,000 lbs. overnight on a road in violation of Sec. 110-154;

   b. Leaving a flatbed trailer parked on a road with no conspicuity tape thus rendering it invisible to other vehicles;

   c. Leaving a flatbed trailer parked on a road that was so rusted out it was essentially invisible to other vehicles;

   d. Creating a dangerous condition by leaving an empty flatbed trailer parked on a road with its hitch jacked all the way in the air;

   e. Creating a dangerous condition by parking an unmarked and rusted out flatbed trailer at night in violation of Sec. 110-154;

   f. Knowingly leaving a flatbed trailer with no conspicuity tape parked on a road with the intent to leave it overnight in violation of Sec. 110-154;

   g. Knowingly leaving a flatbed trailer parked on a road that was so rusted out and lacking conspicuity tape that it was rendered invisible to other drivers; and

   h. Knowingly leaving a practically invisible flatbed trailer parked and jacked up to its maximum height on a road traveled mostly by tractor trailers therein creating a dangerous condition; and

4

    i. Acting with a conscious disregard for the rights and safety of the Plaintiff.

24. As a direct and proximate cause of the negligence and/or recklessness of the Defendants, Plaintiff decedent, Edward Snider suffered the above-mentioned harm.

**WHEREFORE**, the Plaintiff, Barbara Snider, Administratrix of the Estate of Edward Snider, hereby seeks all damages allowed under the Laws of the State of New Jersey in addition to punitive damages from the Defendants, American Forest Products, LLC and Tulnoy Lumber, in an amount in excess of Seventy-Five thousand ($75,000.00) dollars under the applicable statutes of the State of New Jersey together with interest, costs and delay damages.

## COUNT II
## WRONGFUL DEATH
## BARBARA SNIDER, ADMINISTRATRIX OF THE ESTATE OF EDWARD SNIDER v. AMERICAN FOREST PRODUCTS, LLC. and TULNOY LUMBER

25. The preceding paragraphs are incorporated herein by reference as though fully set forth.

26. Plaintiff brings this action pursuant to N.J.S.A. 2A:31-1, et. Seq., the New Jersey Wrongful Death Act and claims all benefits of the Wrongful Death Act on behalf of herself and all other persons entitled to recover under the law.

27. As a direct and proximate result of the foregoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his counsel, services, companionship, society, guidance and all other damages recoverable under the Wrongful Death Act.

5

28. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants as set forth above, which is incorporated herein, Edward Snider's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time into the future, suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

29. As a direct and proximate result of the negligent, careless and reckless conduct of the Defendants as set forth above, which is incorporated herein, Edward Snider's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care, medications and funeral and other expenses related to his death.

**WHEREFORE**, the Plaintiff, Barbara Snider, Administratrix of the Estate of Edward Snider, deceased, demands judgment against all Defendants, in an amount in excess of Seventy-Five thousand ($75,000.00) Dollars in compensatory damages, including punitive damages, costs and such other further relief the Court shall deem appropriate.

### COUNT III
### SURVIVAL ACTION OF BARBARA SNIDER, ADMINISTRATRIX OF THE ESTATE OF EDWARD SNIDER v. AMERICAN FOREST PRODCUTS, LLC and TULNOY LUMBER

30. The preceding paragraphs are incorporated herein by reference as though fully set forth.

31. In her capacity as Administratrix of the Estate of Edward Snider, the Plaintiff, Barbara Snider, brings this action pursuant to N.J.S.A. 2A:15-3, et. Seq., the New Jersey Survivors Act.

32. This civil action is brought to recover on behalf of the Estate of Edward Snider, deceased, who was sixty-two (62) at the time of his untimely death, and according to the 2016 New Jersey life expectancy tables had 21.5 years left of expected life.

33. As a direct and proximate result of the previously pled facts and actions of all defendants, deceased Plaintiff endured great physical and emotional suffering, pain, anguish, humiliation, embarrassment and loss of enjoyment of life.

34. As a direct and proximate result of the previously pled facts and actions of the Defendants, the decedent incurred substantial future lost wages, out of pocket medical expenses, and loss of life's pleasures.

35. As a direct and proximate result of the previously pled facts and actions of the Defendants, the decedent's heirs will be deprived of guidance, love, tutelage, companionship, support and comfort, which they would have received from him for the remainder of his natural life.

36. Plaintiff's claim, on behalf of the Estate of Edward Snider, deceased, includes damages for his physical and emotional pain and suffering, embarrassments, humiliation, loss of the enjoyment of life, and for his future loss of earnings and earning capacity, resulting from his untimely death.

**WHEREFORE**, the Plaintiff, Barbara Snider, Administratrix of the Estate of Edward Snider, demands judgment against all of the Defendants, jointly, severally and

7

in the alternative, pursuant to N.J.S.A. 2A:15-3, et. Seq., the New Jersey Survivor's Act, for damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

### COUNT IV
### PUNITIVE DAMAGES AS TO ALL DEFENDANTS ON BEHALF OF THE PLAINTIFF, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE DECEDENT

37. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

38. By virtue of the actions set forth in the above paragraphs of the complaint, Defendants are liable to Plaintiffs for punitive damages by virtue of the facts pled in the above paragraphs, such that pain, suffering, untimely death of Edward Snider, and the damages suffered by his heirs were a direct and proximate result of the actions of all Defendants.

39. Furthermore, the acts pled against the Defendants were done with a willful and wanton disregard of the Plaintiffs, such that the harm coming to the Plaintiffs was reasonably foreseeable.

40. At all relevant times herein, the actions of the Defendants specifically authorized, participated in and/or ratified the acts of the unknown employee on the night of the incident.

41. Specifically with respect to this count, Plaintiff invokes the doctrines of Res Ipsa Loquitur, Ostensible Agency, and Respondeat Superior, with respect to the unknown employee of the Defendants and his relation to the defendants, such

8

that each is an agent, employee or servant of the other, whose actions are vicariously imputed to the other for purposes of an award for punitive damages, respectively.

**WHEREFORE**, the Plaintiff, Barbara Snider, Administratrix of the Estate of Edward Snider, deceased, demands Judgment against all of the Defendants for damages, including punitive damages.

## COUNT V

### Plaintiff v. John Doe 1-5
### Negligence

42. Plaintiffs incorporate by reference herein as though fully set forth at length the averments contained within paragraphs 1 through 41.

43. On or about August 30, 2020 defendants, JOHN DOES 1-5, negligently, carelessly and/or recklessly parked a trailer on the street without properly placing barricades flares, safety triangles, and or other warnings for those on the highway, as set forth above, causing the injuries more fully set forth above.

**WHEREFORE**, plaintiffs demand judgment in his favor and against the defendants, JOHN DOES 1-5, and all the defendants, jointly, severally, and in the alternative, for compensatory damages, punitive damages, plus interest, attorneys' fees, costs of suit and for whatever other relief the Court deems just and appropriate.

### COUNT VI
### Plaintiff v. John Doe Entities
### Negligence

44. Plaintiff incorporates by reference herein as though fully set forth at length the averments contained within paragraphs 1 through 43.

9

45.  On or about August 30, 2020, defendants, JOHN DOE ENTITIES 6-10 negligently, carelessly and/or recklessly, acting by and through its agents, servants, employees, and workman, placed a trailer on the highway, without placing adequate warning, including but not limited to barricades, flares, warning triangles, causing severe and fatal injuries to the plaintiff, as set forth above causing him to sustain serious injuries and damages described herein above.

**WHEREFORE**, plaintiffs demand judgment in their favor and against the defendants, JOHN DOE ENTITIES 6-10, and all the defendants, jointly, severally, and in the alternative, for compensatory damages, punitive damages, plus interest, attorneys' fees, costs of suit and for whatever other relief the Court deems just and appropriate.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ___/s/ Clancy Boylan___
CLANCY BOYLAN, ESQUIRE
Attorney for the Plaintiff

Dated: December 31, 2020

## JURY DEMAND

Plaintiff demands a trial by on all issues in accordance with the Rules.

_____
KEVIN C. BOYLAN

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Kevin C. Boylan, Esquire is hereby designated as trial counsel in this matter on behalf of the plaintiff.

_____
KEVIN C. BOYLAN

## CERTIFICATION

I hereby certify that the provisions of Rule 4:5-1, that the within matter is not the subject of any other action pending in any Court or Arbitration proceeding contemplated. No other parties are known to be joined in this action at this time. I hereby certify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment

_____
KEVIN CLANCY BOYLAN

11