```
             UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BARBARA SNIDER, Individually and as the Administratrix for the ESTATE OF EDWARD SNIDER,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN FOREST PRODUCTS, LLC, d/b/a Tulnoy Lumber; Tulnoy Lumber, Inc.; ABC CORPORATIONS A-Z; and JOHN DOE #1-10,<br><br>        Defendants. | 1:21-cv-01693-NLH-SAK<br><br>OPINION |

**APPEARANCES**:

ALEXANDER C. HYDER
KEVIN CLANCY BOYLAN
MORGAN & MORGAN
2005 MARKET STREET
SUITE 350
PHILADELPHIA, PA. 19103

    *On behalf of Plaintiff*

PETER A. LENTINI
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 MIDLANTIC DRIVE
SUITE 200
P.O. Box 5429
MT. LAUREL, N.J. 08054

    *On behalf of Defendants*

**HILLMAN**, District Judge

    Pending before the Court is Plaintiff Barbara Snider's

("Plaintiff") motion to approve settlement and allocation of

settlement proceeds. (ECF 68). For the reasons expressed below, the motion will be granted.

## I. Background

Plaintiff brought this action on behalf of herself and as administratrix of the estate of her late husband, Edward Snider ("Edward"). (ECF 12). The amended complaint alleged that Edward was driving a tractor trailer in Dayton, New Jersey on the evening of August 31, 2020 when he attempted to pass a car flashing its hazard lights and struck an unattended, unmarked, and unilluminated flatbed truck owned by Defendants that was left on the road in a fully raised position. (Id. at ¶¶ 11, 14-19, 23, 29). Four counts were asserted: negligence and recklessness, wrongful death pursuant to N.J.S.A. 2A:31-1 to -6, survival action pursuant to N.J.S.A. 2A:15-3, and punitive damages. (Id. at ¶¶ 44-67).

In a February 21, 2022 opinion and order, the Court dismissed Plaintiff's punitive-damages count[1] and claims against co-Defendant Tulnoy Lumber, Inc., the latter for lack of personal jurisdiction, (ECF 32 at 16, 21-23; ECF 33), but otherwise permitted Plaintiff's claims to move forward.

---

[1] The punitive-damages count was the only count in the amended complaint brought by Plaintiff in both her individual and administrative capacities. (ECF 12 ¶¶ 63-67). The negligence and recklessness, wrongful-death, and survival counts were brought by Plaintiff in her capacity as administratrix. (Id. at ¶¶ 44-62).

2

The case proceeded to discovery under Magistrate Judge Sharon A. King.  Defense counsel notified Judge King via letter on April 26, 2023 that the parties had scheduled a mediation with former Magistrate Judge Joel Schneider.  (ECF 62).  Judge King entered a sixty-day order administratively terminating the case on June 27, 2023 after receiving notice that the parties had settled.  (ECF 64).

Following Judge King's entry of the sixty-day order – and based on its reading of New Jersey's wrongful-death statute – the Court directed the parties to appear for a hearing for potential approval of the settlement.  (ECF 65).  Plaintiff thereafter wrote the Court seeking to either cancel the hearing or reschedule it for an earlier date.  (ECF 66; ECF 67).  The Court held the hearing on July 25, 2023, with the pending motion submitted earlier that morning.  (ECF 68).

**II. Jurisdiction**

The Court has jurisdiction over this matter as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).[2]

---

[2] This matter was initially filed in New Jersey Superior Court – Camden County on December 31, 2020, (ECF 1-4), and was thereafter removed, (ECF 1).  The Court entered a February 5, 2021 order to show cause directing Defendant American Forest Products, LLC ("AFP") to amend its notice of removal to properly allege the parties' citizenship for the purpose of ensuring the Court's jurisdiction.  (ECF 5).  The amended notice appropriately asserted that Plaintiff – both individually and

3

**III. Analysis**

  **A. Wrongful-Death Actions Under New Jersey Law**

New Jersey's wrongful-death statute states in relevant part:

> The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same except if there is a surviving spouse of the decedent and one or more surviving descendants of the decedent they shall be entitled to equal proportions for purposes of recovery under this chapter notwithstanding the provisions of Title 3B of the New Jersey Statutes.  If any of the persons so entitled in accordance with this section were dependent on the decedent at his death, they shall take the same as though they were sole persons so entitled, in such proportions, <u>as shall be determined by the court without a jury</u>, and as will result in a fair and equitable apportionment of the amount recovered, among them, taking into account in such determination, but not limited necessarily thereby, the age of the dependents, their physical and mental condition, the necessity or desirability of providing them with educational facilities, their

---

for the purpose of establishing citizenship in a representative capacity of the estate – is a domiciliary of New Jersey while AFP is a limited liability company with two parent corporations – both of which are organized under New York law and maintain their principal place of business in Bronx, New York – as its only members.  (ECF 7 at ¶¶ 7-9; ECF 7-4); <u>see also</u> 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."); <u>GBForefront, L.P. v. Forefront Mgmt. Grp., LLC</u>, 888 F.3d 29, 34 (3d Cir. 2018) (noting that a limited liability company is a citizen of each state of its members and corporations are citizens of both their state of incorporation and state in which their principal place of business is located); <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 346 (3d Cir. 2013) ("[T]he burden is on the removing party to establish federal jurisdiction." (citing <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985))).

4

> financial condition and the availability to them of other means of support, present and future, and any other relevant factors which will contribute to a fair and equitable apportionment of the amount recovered.

N.J.S.A. 2A:31-4 (emphasis added).

As logically interpreted by New Jersey courts, the statute requires that wrongful-death damages be awarded – whether by settlement or judgment after trial – in a lump sum and "the trial court must hold a hearing without a jury in order to apportion the fund equitably among the members of the class entitled to share in it."  See Eyoma v. Falco, 589 A.2d 653, 663 (N.J. Super. Ct. App. Div. 1991) (quoting McMullen v. Md. Cas. Co., 317 A.2d 75, 79 (N.J. Super. Ct. App. Div. 1974)). Distribution determinations are conducted via a two-step analysis whereby survivors who would take personal property through intestate succession are first identified and then a subcategory of survivors who were dependents of the decedent are identified and take to the exclusion of the first group.  Wolff v. Mercer Med. Ctr., 532 A.2d 265, 267 (N.J. Super. Ct. App. Div. 1987); see also Goodman v. Newark Beth Israel Med. Ctr., 598 A.2d 956, 959 (N.J. Super. Ct. Law Div. 1991) (discussing Wolff).

The Court concludes that these hearings although not required by federal law are not in direct conflict with it and further that because such hearings affect individuals'

5

substantive rights by determining who receives how much of the proceeds of a settlement or judgment, conducting such hearings in federal court in the same manner as they would occur if the matter stayed in state court discourages forum shopping. See Schmigel v. Uchal, 800 F.3d 113, 119 (3d Cir. 2015) (noting that federal courts sitting in diversity apply state substantive law and federal procedural law and whether a state law is substantive depends on whether: (1) "there is a direct collision between a federal rule and the state law," (2) if there is no direct collision, whether application of the state law is outcome-determinative and failure to apply it would frustrate the Erie Doctrine's goals of discouraging forum shopping and equitably administering the law, and (3) whether nonetheless "any countervailing federal interests prevent the state law from being applied in federal court" (quoting Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011))). The importance of these hearings is especially compelling because, as discussed below, allocation naturally impacts unrepresented nonparties. The Court is thus convinced that allocation hearings should be conducted in federal court whenever judgment is entered or a settlement is reached in a diversity action alleging wrongful death under New Jersey law.

Wrongful-death actions are to be brought by an administrator or, if a decedent dies testate and their will is

6

probated, the named executor or "administrator with the will annexed." See N.J.S.A. 2A:31-2(a). However, "[p]roceeds of a recovery under the Wrongful Death Act are not part of the decedent's estate. The recovery is for the exclusive benefit of those entitled to take the decedent's personal property by intestacy." N.J. Div. of Youth and Fam. Servs. v. M.W., 942 A.2d 1, 14 (N.J. Super. Ct. App. Div. 2007) (citing Miller v. Estate of Sperling, 766 A.2d 738 (N.J. 2001) and Gershon v. Regency Diving Ctr., 845 A.2d 720 (N.J. Super. Ct. App. Div. 2004)).

Survival actions, meanwhile, permit an executor or administrator to recover "from injuries for which the deceased would have had a cause of action if he had lived" including funeral and burial expenses and "damages accrued during the lifetime of the deceased." N.J.S.A. 2A:15-3(a)(1). Survival actions permit the administrator of an estate to seek recovery on claims that the decedent would have had if they had lived, while wrongful-death actions allow for the recovery of pecuniary losses resulting from the decedent's death – such as lost support, services, care, etc. – incurred by the decedent's beneficiaries. See Taylor v. Fontenot, No. 05-1911, 2008 WL 11510026, at *1 (D.N.J. Oct. 7, 2008). In other words, the decedent's personal claim – the survival action – is an asset of their estate, while the wrongful-death claim separately seeks to

7

address the loss suffered by beneficiaries. See F.F. v. G.A.D.R., 750 A.2d 786, 788-89 (N.J. Super. Ct. App. Div. 2000) (discussing Schmoll v. Creecy, 254 A.2d 525 (N.J. 1969) and Alfone v. Sarno, 403 A.2d 9 (N.J. Super. Ct. App. Div. 1979)).

In the common event that wrongful-death and survival actions are brought together, recoveries "must be proportionally allocated between the claims based on the Wrongful Death Act and the Survivor's Act." See id. at 789. Not surprisingly, then, New Jersey federal courts considering motions similar to the one pending here have been tasked with allocating settlement recoveries between wrongful-death and survival claims, which may ultimately be received by different individuals. See Farrow v. U.S. Specialty Ins. Co., No. 20-cv-06588, 2021 WL 6424642, at *1-2 (D.N.J. Dec. 6, 2021); Estate of Harrison v. Trump Plaza Hotel & Casino, No. 12-6683, 2017 WL 44851, at *1 (D.N.J. Jan. 4, 2017); Taylor, 2008 WL 11510026, at *1; see also Estate of Allen v. Cumberland Cnty., No. 15-6273, slip op. 26-28 (D.N.J. May 24, 2023) (discussing allocation of settlement proceeds between wrongful-death and survival claims in the context of multiple related 42 U.S.C. § 1983 actions and concluding that insufficient information was provided to permit allocation as proposed). It is with this context in mind that the Court reviews the motion for settlement approval and the disclosures made in advance of and at the July 25, 2023 hearing.

**B. The Court's July 25, 2023 Hearing**

Edward died intestate and is survived by his wife, Plaintiff, and two adult children – Christina Snider and Edward Snider II ("Edward II").  (ECF 68 at ¶ 6).  Settlement proceeds total $850,000, with a net recovery after attorney's fees and costs of $506,364.31.  (Id. at ¶¶ 23, 29).  The proposed allocation divides wrongful-death and survival claims evenly.  (Id. at ¶ 30).  This division is significant because, under New Jersey law, a surviving spouse is entitled to the entire intestate estate if all of the decedent's surviving descendants are also descendants of the surviving spouse and the surviving spouse has no other descendants who survive the decedent.  N.J.S.A. 3B:5-3(a)(2).  In wrongful-death actions, on the other hand, recoveries are divided in equal proportions when the decedent is survived by a spouse and one or more descendants and the descendants were not dependent on the decedent.  N.J.S.A. 2A:31-4.  Therefore, the allocation here proposes $253,182.16 to the survival action – with Plaintiff as the sole beneficiary through intestate succession – while the remaining $253,182.15 attributable to wrongful death is divided equally between Plaintiff, Christina, and Edward II.  (ECF 68 at ¶ 30).

Plaintiff's counsel explained during the hearing that apportioning settlement proceeds equally between the wrongful-death and survival claims was determined to be the most fair and

equitable course given the validity of both claims, evidence of conscious pain and suffering, and recognition of the loss of spousal and parental support incurred by Plaintiff, Christina, and Edward II.  The Court is satisfied with this explanation and agrees with its reasoning.  See Farrow, 2021 WL 6424642, at *2 (concluding that net proceeds were to be divided equally based on evidence of conscious pain and suffering by the decedent and the beneficiaries' loss of familial relationships); see also cf. Estate of McMahon v. Turner Corp., No. 05-4389, 2007 WL 2688557, at *4 (D.N.J. Sept. 7, 2007) (agreeing with the majority of damages being allocated to the wrongful-death cause of action as the decedent did not incur medical expenses and it was unclear whether he experienced pain and suffering, while the beneficiaries lost substantial support, guidance, and care).

The Court engaged in colloquies with Plaintiff, Christina, and Edward II to assure itself that the intent of the wrongful-death statute is fulfilled via this settlement and allocation. Plaintiff is an educator who remains employed and shares the family home with Christina and Edward II, who are not dependents and who share in expenses.  She was unaware of any other potential descendant of Edward.  Counsel previously explained to Plaintiff the distinct nature of wrongful-death and survival actions.  Plaintiff understood how settlement proceeds are

proposed to be divided and believed the allocation to be fair and equitable.

Christina and Edward II are both employed in meaningful occupations, are in good mental and physical health, do not have immediate plans to pursue additional education, and do not have any large debts. Both anticipate using their salaries and their shares of the settlement proceeds for life expenses, including contributions to the family home, with Christina also anticipating a pension at the conclusion of her career. Christina and Edward II understood that, while they will benefit from the settlement, they are not parties to this action or represented by Plaintiff's counsel.[3] While acknowledging that they have that option, they were uninterested in seeking independent legal advice. Christina and Edward II understood the differences between wrongful-death and survival actions, how settlement proceeds are proposed to be allocated, and that

---

[3] As referenced above and discussed during the hearing, the wrongful-death and survival statutes contemplate actions being brought by an executor, administrator, or administrator ad prosequendum, see N.J.S.A. 2A:15-3(a)(1); N.J.S.A. 2A:31-2(a), as opposed to individuals such as a decedent's individual children, see Estate of Young v. Lanigan, No. 14-1825, 2016 WL 1583862, at *1 n.1 (D.N.J. Apr. 20, 2016) ("Under New Jersey's Survivor Act, only the executor or administrator of the decedent's estate may bring an action for violations of a decedent's rights." (citing N.J.S.A. § 2A:15-3)); F.F., 750 A.2d at 788 (noting that the wrongful-death statute "provides that the action is to be brought either by an administrator ad prosequendum (if the decedent leaves no will) or by the decedent's executor if the decedent does leave a will").

11

alternative allocations may increase or decrease their shares. Both expressed that they felt as though the proposed allocation is fair.

The Court is further satisfied, with the benefit of Plaintiff, Christina, and Edward II's thoughtful answers, that the division of settlement proceeds between wrongful-death and survival actions and the standard, equal apportionment of N.J.S.A. 2A:31-4 as to the wrongful-death action are both appropriate.  The Court will therefore grant Plaintiff's motion.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to approve settlement and allocation of settlement proceeds, (ECF 68), will be granted.

An Order consistent with this Opinion will be entered.


Date: August 16, 2023         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.